IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lopez G. Newhall,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>Dora Schriro; Attorney General, State of Arizona,<br><br>　　　　　Respondents. | No. CIV 06-0077-PCT-EHC (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE EARL H. CARROLL, UNITED STATES DISTRICT JUDGE:

    Lopez Garcia Newhall filed a timely petition for writ of habeas corpus on January 6, 2006, challenging his convictions in Navajo County Superior Court for 10 counts of sexual assault and one count of kidnapping, and the court's imposition of aggravated consecutive terms totaling 250 years. All of the convictions involved the same victim, covering a four-hour time span. He raises three grounds for habeas relief: (1) a due process violation preventing him from raising a proper defense or appeal; (2) ineffective assistance of counsel; and (3) an unconstitutional sentence. Respondents contend that Newhall has procedurally defaulted on his first and third grounds, and that his second ground is partially defaulted and otherwise without merit. For the reasons stated below, the Court recommends that his petition be denied and dismissed with prejudice.

**EXHAUSTION OF REMEDIES**

    A state prisoner must exhaust his state remedies before petitioning for a writ of habeas corpus in federal court. 28 U.S.C. § 2254(b)(1) & (c); *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *McQueary v. Blodgett*, 924 F.2d 829, 833 (9th Cir. 1991). To properly

1  exhaust state remedies, a petitioner must fairly present his claims to the state's highest court
2  in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 839-846 (1999).
3  In Arizona, a petitioner must fairly present his claims to the Arizona Court of Appeals by
4  properly pursuing them through the state's direct appeal process or through appropriate post-
5  conviction relief. *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *Roettgen v.
6  Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). A claim has been fairly presented if the petitioner
7  has described both the operative facts and the federal legal theory on which the claim is
8  based. *Bland v. Cal. Dep't of Corrections*, 20 F.3d 1469, 1472-73 (9th Cir. 1994), *overruled
9  on other grounds by Schell v. Witek*, 218 F.3d 1017, 1025 (9th Cir. 2000) (en banc); *Tamalini
10 v. Stewart*, 249 F.3d 895, 898 -99 (9th Cir. 2001). The exhaustion requirement will not be
11 met where the Petitioner fails to fairly present his claims. *Roettgen*, 33 F.3d at 38.

12         If a petition contains claims that were never fairly presented in state court, the federal
13 court must determine whether state remedies remain available to the petitioner. *See Rose v.
14 Lundy*, 455 U.S. 509, 519-20 (1982); *Harris v. Reed*, 489 U.S. 255, 268-270 (1989)
15 (O'Connor, J., concurring). If remedies are available in state court, then the federal court
16 may dismiss the petition without prejudice pending the exhaustion of state remedies. *Id.*
17 However, if the court finds that the petitioner would have no state remedy were he to return
18 to the state court, then his claims are considered procedurally defaulted. *Teague v. Lane*, 489
19 U.S. 288, 298-99 (1989); *White v. Lewis*, 874 F.2d 599, 602-605 (9th Cir. 1989). The federal
20 court may decline to consider these claims unless the petitioner can demonstrate that a
21 miscarriage of justice would result, or establish cause for his noncompliance and actual
22 prejudice. *See Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Coleman v. Thompson*, 501 U.S.
23 722, 750-51 (1991); *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *Wainwright v. Sykes*,
24 433 U.S. 72, 86 (1977); *United States v. Frady*, 456 U.S. 152, 167-68 (1982).

25         Further, a procedural default may occur when a Petitioner raises a claim in state court,
26 but the state court finds the claim to be defaulted on procedural grounds. *Coleman*, 501 U.S.
27 at 730-31. In such cases, federal habeas review is precluded if the state court opinion
28 contains a plain statement clearly and expressly relying on a procedural ground "that is both

'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision." *See Harris*, 489 U.S. at 260. A state procedural default ruling is "independent" unless application of the bar depends on an antecedent ruling on the merits of the federal claim. *See Ake v. Oklahoma*, 470 U.S. 68, 74-75 (1985); *Stewart v. Smith*, 536 U.S. 856 (2002). A state's application of the bar is "adequate" if it is "'strictly or regularly followed.'" *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988) (quoting *Hathorn v. Lovorn*, 457 U.S. 255, 262-63 (1982)). In cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, just as in cases involving defaulted claims that were not fairly presented, federal habeas review of the claims is barred unless the prisoner can demonstrate a miscarriage of justice or cause and actual prejudice to excuse the default. *See Coleman*, 501 U.S. at 750-51.

## DISCUSSION

Newhall first argues that the state court violated his due process rights under the Fourteenth Amendment by precluding evidence of the victim's violent relationship with her estranged husband. In rejecting Newhall's argument on direct review, the court of appeals stated:

> At trial defendant attempted to introduce evidence concerning the victim's violent relationship with her estranged husband. The trial court precluded any such evidence to the extent that it was offered to prove that the victim's husband, rather than defendant, was responsible for the sexual assaults committed against the victim. The court reasoned that defendant could not properly attempt to implicate the victim's husband in the crimes because no evidence indicated that the victim had any contact with her estranged husband on the day of the assault.
>
> The court, however, permitted defendant to question the victim about specific statements she made about her husband during the sexual assaults. The court concluded that these statements related to the victim's state of mind and were relevant to the issue of consent.
>
> On appeal, defendant argues that the trial court improperly precluded him from presenting evidence of the victim's relationship with her husband. He maintains that the evidence concerning the victim's marital relationship tended to implicate her estranged husband in the crimes and was therefore proper evidence of third-party culpability. He further argues that the trial court improperly prevented him from impeaching the victim's credibility with statements she made to a Winslow police officer following the assault. In these statements, the victim discussed the difficulties she had encountered in obtaining an order of protection against her husband.

> We review the trial court's evidentiary rulings for clear abuse of discretion. State v. Jones, 188 Ariz. 388, 394, 937 P.2d 310, 316 (1997). We find no abuse of discretion in the trial court's preclusion of either the evidence of the victim's husband's prior violent acts or of the victim's statements to the Winslow police officer concerning her fear of her husband.
>
> A trial court should admit evidence of third-party culpability if it raises a reasonable doubt as to a defendant's guilt. State v. Oliver, 169 Ariz. 589, 590, 821 P.2d 250, 251 (App. 1991). The court, however, has discretion to preclude such evidence if "it simply affords a possible ground of suspicion against another." Id. at 591, 821 P.2d at 252. Specifically, "[b]efore a defendant may introduce evidence that another person may have committed the crime, the defendant must show that the evidence has an inherent tendency to connect such other person with the actual commission of the crime." State v. Fulminante, 161 Ariz. 237, 252, 778 P.2d 602, 617 (1988). "Vague grounds of suspicion are not sufficient." Id. (citation omitted).
>
> The evidence at issue here did not have an inherent tendency to implicate the victim's husband in the sexual assaults. As the trial court observed, no evidence suggested that the victim had any contact with her husband on the day of the assault. At the very most, the proffered evidence of the husband's prior violent acts toward the victim provided nothing more than "vague grounds of suspicion" that he was the victim's assailant. The trial court therefore properly precluded the evidence.
>
> The trial court likewise did not abuse its discretion in precluding defendant from "impeaching" the victim with statements she made to the police officer concerning her fear of her husband. Defendant claims that the statements "were relevant to show the victim's state of mind as to her credibility in reporting the instant offense...." Defendant claims that, in precluding this evidence, the trial court "confuse[d] the two concepts of impeachment and other-act evidence...." Yet, defendant then proceeds to argue that this "impeachment" testimony was relevant because it "had an inherent tendency to connect Freddie as a potential suspect to the crime." We do not believe that the trial court was confused. Rather, its ruling appears to be an appropriate response to defendant's attempt to introduce improper evidence of third-party culpability. We find no abuse of discretion in its ruling.

(Doc. #12, Exh F at 10-12).

A review of the state court's opinion reveals no hint that the issue was either presented or decided on other than Arizona state evidentiary grounds, not reviewable in a federal habeas action. *See Estelle v. McGuire*, 502 U.S. 62, 68(1991). As a result, the Court also concludes that Newhall did not fairly present this constitutional argument before the state courts, and it is unexhausted. Further, because he would have no state remedy if he were to return to state court, the claim is procedurally defaulted. *Teague*. He has also failed to establish cause and prejudice to excuse the default. *Coleman*.

1 In his third ground, Newhall contends that the trial court violated his Fourteenth
2 Amendment rights by imposing sentence in violation of *Apprendi v. New Jersey*, 530 U.S.
3 466 (2000). Newhall also contends for the first time in his habeas petition that the trial court
4 violated "the privilege and immunities clause and equal protection clause by applying the
5 added portions of the statute ex post facto" (Doc. #1 at 7) by sentencing him to a state statute
6 that did not go into effect until several months after the date of the offenses. His *Apprendi*
7 argument was raised for the first time in his second post-conviction petition, which was
8 dismissed as untimely, and from which Newhall failed to petition the court of appeals for
9 review. He has therefore failed to exhaust this claim. In addition, because the state court
10 denied the claim on an independent and adequate state ground, Newhall has procedurally
11 defaulted this ground. In addition, he has failed to establish cause and prejudice for his
12 failure to exhaust. *See Coleman*. For the same reasons, his ex post facto argument, raised
13 for the first time in this petition, is both unexhausted and procedurally defaulted.

14 In his second ground, Newhall argues that trial counsel was ineffective for his failure
15 to (1) challenge the DNA evidence and argue for the semen DNA match of victim's husband
16 and (2) adequately advocate for acceptance of the state's fourth and final plea offer. He
17 contends that counsel's failure to do this "negated the misidentification defense" (Doc. #1 at
18 6). He did not raise the argument about the semen DNA match in the state court in the
19 context of an ineffective assistance claim, and therefore it is unexhausted. Further, because
20 he would have no state remedy if he were to return to state court, the claim is procedurally
21 defaulted. *Teague*. He has also failed to establish cause and prejudice to excuse the default.
22 *Coleman*.

23 Newhall's remaining ineffective assistance claims were summarily rejected by the trial
24 court as follows:

25 The defendant has failed to prove by a preponderance of the evidence that
his trial counsel was ineffective by failing to challenge the DNA evidence or
26 statistics. Even if counsel were deemed ineffective, the defendant has failed
to demonstrate by a reasonable probability that but for these professional
27 errors, the result of the trial would have been different.
28

> In regard to the issue of defense counsel failing to adequately advise the defendant concerning the final plea offer, there is insufficient evidence presented by defendant to show that counsel's performance was deficient.

(Doc. #12, Exh K).

Newhall's remaining argument concerning the DNA evidence (identified from the blood found on the victim's bedspread) is that counsel was ineffective for stipulating to defense expert testimony that the likelihood of a random match between Newhall's DNA and any other Apache individual's DNA was 1 in 6,215. In return, the state agreed not to call an expert who would testify to a calculation of 1 in 60,000. Trial counsel was able to elicit on cross-examination that the database used to perform the DNA analysis involved only 180 Apache individuals, and of those 180, four had exactly matched Newhall's DNA. He also challenged the DNA results in closing argument.

First, the trial court's factual finding is presumed to be correct, only to be rebutted by a showing of clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). Newhall has failed to provide such evidence. Second, a trial counsel's decision to enter into a stipulation concerning certain expert testimony involves a matter of trial strategy, and disagreement about trial tactics cannot form the basis for a claim of ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668 (1984); *People of Territory of Guam v. Santos*, 741 F.2d 1167, 1169 (9th Cir. 1984). Third, to exclude such potentially negative evidence from the jury, and limit the evidence to that about which counsel could effectively cross-examine the expert and challenge in closing argument cannot be claimed to be ineffective assistance. Finally, even without the DNA identification evidence, there is no reasonable probability that the outcome would have been different. The jury heard identification testimony from the victim as to Newhall's specific tattoos; his fingerprint was found on her telephone; and both the victim and her daughter testified that Newhall had never previously been in their home. The trial court reasonably applied *Strickland*.

Finally, Newhall argues that trial counsel was ineffective because he failed to apply the same pressure to Newhall to accept the state's final plea offer as he had for the previous three offers. He states in the petition:

> Petitioner submitted an uncontested affidavit to the trial court that he was in prison during the final rounds of plea negotiations and his counsel merely sent him a copy of the last plea offer. After having the last offer explained to him following his convictions, Petitioner avowed that had he known its benefits he would have accepted it. Coupled with this affidavit were numerous exhibits that showed that trial counsel's practice prior to this last plea offer was to go to the jail and explain to petitioner why he should accept the state's prior offer coupled with sending him a (doomsday letter) explaining the offer coupled [with] requesting petitioner['s] signature indicating that he rejected the offer. The exception to this practice however was the last and best offer that trial counsel merely sent without explanation to petitioner in prison with a "cc" stamp.

(Doc. #1 at 6).

The first offer allowed him to plead to one count of sexual assault with a prior conviction, and face a mandatory sentence ranging from 7 to 21 years. The second offer included a plea to one count each of kidnapping and resisting arrest, with a prior conviction, and a sentencing range of 6 to 18.5 years; the third offer stipulated a 15-year term. The final offer involved a plea to kidnapping and aggravated assault, with probation available or a sentencing range of 2 to 21.25 years.

Newhall argues that the fourth offer was the most favorable, and that, had counsel encouraged him to accept it with the same enthusiasm as the other three, he would have done so. *Assuming arguendo* that the last offer was *potentially* the most favorable, Newhall admits that counsel advised him to accept each plea offer, and that he went against counsel's advice in rejecting those offers. He also does not allege in his federal petition that he was misled by counsel, or that counsel inaccurately stated any of the terms of the offered plea. He essentially argues that had counsel tried harder to convince him, he would have taken the plea, but he offers nothing to corroborate this bald assertion.

Counsel's advice on whether or not to plead guilty is gauged by whether such advice "was within the range of competence demanded of attorneys in criminal cases." *See Hill v. Lockhart*, 474 U.S. 52, 57 (1985). Newhall does not contend that trial counsel's advice was not competent; he merely asserts that unlike the other three offers, this one he would have accepted if only counsel had paid him a personal visit at the Department of Corrections and convinced him to take it, or later when he was transferred to the county jail for trial. The

Court agrees with Respondents that such self-serving speculation is an insufficient basis for a claim of prejudice. *Id.*

**IT IS THEREFORE RECOMMENDED** that Lopez Garcia Newhall's petition for writ of habeas corpus be **DENIED** and **DISMISSED WITH PREJUDICE** (Doc. #1).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

DATED this 1st day of February, 2007.

_____
David K. Duncan
United States Magistrate Judge